(No. 1460—)

WILLARD C. SIPE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1929.*

JOSEPH L. MCLAUGHLIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; MERRILL F. WEHMHOFF, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration was filed by Willard C. Sipe, the claimant, who represents among other things that he is a resident citizen of Sullivan, Illinois, that on the 30th day of July, A. D. 1926, he enlisted in the National Guards of the State of Illinois, and was in the regular discharge of his duties in said employment and that while enroute from the City of Sullivan to the regular encampment place at Camp Grant, Illinois, he received an injury. That while passing through the coach of the train at the regular call when the noon day

lunch was to be served to the guardsmen and while going through to the baggage car, an officer's bedding roll fell, on account of the jostling of the train and struck him upon the extended knee and the blow and weight of the impact crushed or fractured the bone in his ankle joint.

It further appears from the evidence that the claimant was completely disabled for seven and one-half (7½) months and that thereafter for a period of three (3) months he was partially incapacitated.

The Attorney General has filed a statement as follows:

"The claimant in his statement states the facts in accordance with the record, properly states the law in accordance with the Workmen's Compensation Act, and properly applies the fact to the law in his argument. However, on account of the fact that he has the use of his ankle and has only pain in it when the weather is damp or stormy, the respondent believes that the per cent of loss of use of said ankle, as stated in his statement of facts, is high.

The respondent does believe that this claimant, if the court feels that he is entitled to something, would be entitled to $700.00, in accordance with the Workmen's Compensation Law.

I, therefore, submit this claim to the court for such disposition as they care to make, with the recommendation that this claim be allowed in the sum of $700.00."

We, therefore, award the claimant the sum of $700.00.